UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES ARNOLD ALFORD, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 04-CV-0152-B |
| | § | |
| DIANE REED, *Chapter 7 Trustee*, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM ORDER

Before the Court is an appeal by James Arnold Alford and Edwinna Ruth Alford ("Appellants" or "Debtors") from a final judgment of the bankruptcy court. Having conducted plenary review of the bankruptcy court's judgment, the Court AFFIRMS that judgment for the following reasons.

### I.  BACKGROUND[1]

This is an appeal from an order of the Bankruptcy Court granting the motion of the Trustee, Diane Reed, for Turnover and Accounting over the objection of the Debtor Appellants, James and Edwinna, Alford on July 24, 2003.

There is no significant disagreement among the parties regarding the factual basis of their dispute. Both parties acknowledge in their briefs that the July 24, 2003 Memorandum Order of the bankruptcy court correctly recites the factual background. *See* (Appellant Brief at 2; Appellee Brief at 5). Thus, the following factual recitation comports with the facts as recited in that Order. On

---

[1] The facts are derived from the parties' pleadings and the evidence in the record. Unless characterized as a contention of one of the parties, the facts are undisputed.

June 21, 2002, the Debtors filed a voluntary Chapter 7 petition for bankruptcy. Less than two months later, Edwinna Alford's mother, Ruth Benesh (the "Decedent"), died on August 12, 2002. In her will, Benesh left two fifths of her estate to her daughter Edwinna, comprised of 20.6 acres of real property and personal property including a car, cash and furnishings, totaling over $170,000.

On September 4, 2002, Davey Clark Benesh, the executor of Benesh's estate ("the Executor"), filed an Application for Probate of Will. Nine days later, on September 13, 2002, Edwinna Alford executed a disclaimer of her inheritance. On September 29, 2002, Diane Reed sent a letter to the Executor's attorney requesting both an accounting as well as two fifths the Decedent's property on behalf of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 541(a)(5)(A). Davey Benesh refused the Trustee's request, claiming that Edwinna Alford's disclaimer had extinguished any right the Trustee may have had to any portion of the Decedent's estate.

On October 2, 2002 Ms. Reed filed a Notice of Lis Pendens with the Ellis County Clerk's Real Property Records of Ellis County, Texas against the real estate owned by the Decedent, and, one week later, filed a motion for turnover and accounting with the bankruptcy court. The bankruptcy court found that under 11 U.S.C. § 541(a)(5)(A), Edwinna Alford's disclaimer was ineffective to extinguish the right of the bankruptcy estate to the property devised her in the Decedent's will and granted the Trustee's motion on July 24, 2003. The debtors subsequently filed the instant appeal of the bankruptcy court's July 24, 2003 Order.

## II. ANALYSIS

A. **Legal Standard.**

Section 28 U.S.C. § 158(a)(1) and Federal Rule of Bankruptcy Procedure 8001(a) endow district courts with jurisdiction over bankruptcy appeals such as the one presently before the Court.

A district court reviewing a decision of the bankruptcy court engages in plenary review of the bankruptcy court's judgment, applying the standard of review "generally applied in federal court reviews," and "function[ing] as an appellate court." *Matter of Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992); *Matter of Coston*, 991 F.2d 257, 261 n. 3 (5th Cir. 1993) (citations omitted). The district court must not, however, set aside the bankruptcy court's findings of fact unless it is "clearly erroneous," and must give due regard to the opportunity the Bankruptcy Court had to judge the witnesses' credibility. *Webb*, 954 F.2d at 1104; Fed. R. Bankr. P. 8013. Under the law of the Fifth Circuit, although there may be evidence supporting a certain finding of fact, it is clearly erroneous if, after reviewing all of the evidence, the district court "is left with a firm and definite conviction that a mistake has been committed." *Matter of Missionary Baptist Foundation of Am., Inc.*, 712 F.2d 206, 209 (5th Cir. 1983) (citations omitted). The district court applies *de novo* review to mixed questions of law and fact. *Matter of Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir.).

1. **11 U.S.C.A. § 549.**

Section 541(a)(5)(A) of Title 11 of the Bankruptcy Code pertains to post-petition transactions, and provides that a bankruptcy estate is comprised of (in pertinent part):

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date –

(A) by bequest, devise, or inheritance.

*Id.*

2. **Texas Probate Code Sections 37 and 37A.**

Texas Probate Code § 37 provides that upon a person's death, any devise of property under a lawful will immediately vest "in the devisees or legatees of such estate..." Tex. Prob. Code § 37

(Vernon 2003). Section 37A, which supplies individuals with the right to disclaim property bequeathed to them under a will, provides that a beneficiary of an inheritance under a will may disclaim any part of it, and that a valid disclaimer filed within nine months of the testator's death deems the beneficiary to have predeceased the testator for purposes of the devise. *Id.*, § 37A.

     **B.**    **The Bankruptcy Court Did Not Err in Granting the Trustee's Motion for Turnover and Accounting.**

The bankruptcy court correctly framed the legal issue in the proceeding below as follows: "Is a post-petition disclaimer by a debtor of her interest under a will valid to extinguish the right of the bankruptcy estate to that property under 11 U.S.C. § 541(a)(5)(A)?" As explained below, the Court finds, upon *de novo* review, that the bankruptcy court correctly found that when the Decedent passed away on August 12, 2002, Edwinna Alford's right to two fifths of the Decedent's property matured and immediately passed to the bankruptcy estate under 11 U.S.C. § 541(a)(5)(A). *See generally* (July 24, 2003 Memorandum Order). Thus, Alford's subsequent disclaimer on September 12, 2002 was ineffective to disclaim her interest, which had passed not to her but directly to the bankruptcy estate. (*Id.*)

Because there is no Texas case directly on point, the bankruptcy court looked to an analogous Supreme Court decision as well as other state court decisions. The bankruptcy court relied upon the U.S. Supreme Court's decision in *Drye v. U.S.*, 528 U.S. 49, 120 S.Ct. 474 (1999). In *Drye*, the federal government sued to enforce a tax lien on property which the defendant taxpayer had disclaimed under Arkansas state law. *Id.* The Supreme Court found that the taxpayer's state rights of disclaimer could not operate to prevent attachment of government liens after the taxpayer had been determined to have a sufficient interest in the property at issue. *Id.* at 477. In analyzing *Drye*,

the bankruptcy court noted that the first question the Supreme Court asked was whether the taxpayer's "right to acquire the property under state law fell within the federal tax law definition of property subject to attachment." (July 24, 2002 Memorandum Order at 2). Similarly, then, the bankruptcy court reasoned that the first question in the instant case is whether Edwinna Alfred's right to the Decedent's property falls within the controlling federal bankruptcy law. (*Id.*). Finding that the bequest did fall within the bankruptcy code's definition, the bankruptcy court ruled that the property immediately vested upon the Decedent's death to the bankruptcy estate, *not* to Edwinna Alford personally, thus rendering any effort to disclaim the property by her ineffective. (*Id.* at 4-6). The Court agrees.

Additionally, the bankruptcy court looked to decisions of bankruptcy courts analyzing similar statutes in other states, and found that those decisions as well held that a debtor's disclaimer post-petition disclaimer "is meaningless, because at that point the Debtor's right to acquire the inheritance [has] already passed to the bankruptcy court and [is] controlled by the Trustee." (*Id.* at 4-5) (citing 11 U.S.C. § 541(a)(5)(A); *Williams v. Chenoweth (In re Chenoweth)* (holding that § 541(a)(5)(A) "overrides the applicable state law of disclaimer and supersedes the debtor's right to renounce an interest to which he becomes entitled within 180 days of filing the petition."), 132 B.R. 161 (Bankr. S.D. Ill. 1991), *decision aff'd*, 143 B.R. 527 (S.D. Ill. 1992), *aff'd*, 3 F.3d 1111 (Bankr. S.D. Ill. 1991); *Flanigan v. Lewis (In re Lewis)*, 45 B.R. 27 (Bankr. W.D. Mo. 1984); *Cornelius v. Cornell (In re Cornell)*, 95 B.R. 219 (Bankr. W.D. Okla. 1989); *In re Watson*, 65 B.R. 9, 12 (Bankr. C.D. Ill. 1986)).

The Appellants argue that the bankruptcy court improperly analyzed the issue and urge that the proper question is "whether Texas property and probate law creates in the debtor a legal or

equitable interest in the property within the scope of 11 U.S.C. § 541, when the debtor exercises her statutorily guaranteed right to execute a valid, post-petition disclaimer." (Appellant Brief at 1). The main case relied upon by the Appellants both in the underlying case and on appeal is *In re Simpson*, 36 F.3d 450, 452 (5th Cir. 1994). The *Simpson* case, however, is easily distinguishable from this case because in *Simpson*, a fraudulent transfer case, the debtors had disclaimed property *pre-petition*, and the court found that the *pre-petition* transfer did not constitute a fraudulent transfer under 11 U.S.C. § 548. *Id.* at 453.

The Appellants further attempt to distinguish the state court cases relied upon by the bankruptcy court, but their distinctions are without merit. (Appellant Brief at 5-7). The differences among the state statutes do not significantly affect the analysis. *See, e.g.*, 755 Ill. Comp. Stat. Ann. 5/207 (West 2003); Haw. Rev. Stat. Ann. § 526-6 (Michie 2000); Okla. Stat. Ann. Tit. 84, § 26 (West 2004).

Finally, the Appellants argue that the bankruptcy court erred in ignoring an alleged conflict between sections 37 and 37A of the Texas Probate Code. (Appellant Brief at 9–11). They argue that Texas Probate Code section 37A's disclaimer language relating back to before the decedent's death overrides the language in section 37 which provides that all devised property "immediately vests" upon a decedent's death. (*Id.*). The Court also finds this distinction without merit. The Appellants rely on *Parks v. Parker*, 957 S.W.2d 266 (Tex. App.–Austin 1997). In that case, the *Parks* court relied in part upon the holding in the Fifth Circuit case, *Leggett v. United States*, 120 F.3d 592 (5th Cir. 1997) that Texas Probate Code section 37A operated to prevent the attachment of a federal tax lien. This reliance is misplaced, however, because the Supreme Court's decision in *Dyer* specifically abrogated that holding. *Dyer*, 528 U.S. 49, 120 S.Ct. 474 at 474.

The Court finds that the bankruptcy court correctly analyzed the law in accordance with the guidance given by the Supreme Court in *Drye* relating to federal tax liens. As in *Drye*, Edwinna Alford's right to acquire the Decedent's property under state law fell within the applicable federal law's definition of property subject to the law – here property part of the Debtors' Chapter 7 bankruptcy estate. For these reasons, the Court **AFFIRMS** the decision of the bankruptcy court in all respects.

### III. CONCLUSION

For the reasons discussed, the bankruptcy court's order of July 24, 2003 is **AFFIRMED**, and the Debtors' appeal is **DENIED** in its entirety.

**SO ORDERED.**

**SIGNED September   2nd   , 2005**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE